[Crim. No. 3327. Second Appellate District, Division Two.—July 9, 1940.]

THE PEOPLE, Respondent, v. JOHN OLIVAR et al., Defendants; ORVILLE RAGSDALE SCOTT, Appellant.

Anna Zacsek for Appellant.

Earl Warren, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

WOOD, Acting P. J.—Appellant and John Olivar were convicted of the crimes of grand theft and burglary by the court sitting without a jury. Both defendants were sentenced to the penitentiary and an appeal from the judgment was taken by defendant Scott.

A Ford automobile, the property of one William Caramelli, was left in the owner's garage in the city of Los Angeles between 11 and 12 o'clock P. M. on June 16, 1939. At 4:25 A. M. on June 17th police officers apprehended appellant and defendant Olivar in the act of stripping Caramelli's automobile in an alley some distance from Caramelli's garage. A number of articles which had been taken from the Caramelli car were found in appellant's garage. At the time of his arrest appellant stated that his name was Strong but later at the police station stated that it was Scott. Appellant told the officers that he had taken articles from the Caramelli car to his garage while Olivar continued to take parts from the car. One of the officers testified that on the evening of the day of appellant's arrest he had a conversation with appellant in which appellant stated that he and Olivar met ''some fellow'' at Florence and Broadway, who asked them to go over and strip an automobile for him; that all appellant knew about this fellow was that his first name was Dick and that he hung out at a pool hall at Florence and Broadway. Appellant was sworn as a witness at the trial and stated that he and Olivar had started to remove the distributor of the Caramelli car when the officers placed them under arrest.

Counsel for appellant concedes that the prosecution established that the crime of burglary was committed but she argues that the crime of grand theft was not proved. The evidence clearly shows that the Caramelli car was removed without the owner's consent from the garage where it had been placed and taken to an alley where appellant was caught in the act of stripping it. Thereafter appellant made false statements concerning his connection with the matter and various articles stolen from the car were found in his garage. In her brief counsel states: ''By the proof that appellant was arrested in the act of stealing the distributor from the motor of the automobile, it must follow that he could not have had the intent to commit grand theft; to steal the automobile.'' In effect her argument is that the

trial court could not reasonably draw the conclusion that appellant feloniously took the car itself. The argument falls of its own weight. The appeal is devoid of merit.

The judgment is affirmed.

McComb, J., concurred.